# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF:

MISDEMEANOR CHARGES                                                                25-MC-19
PURSUANT TO 50 U.S.C. § 797
AND 18 U.S.C. § 1382

## ORDER FOR BRIEFING

In the last week, the United States has charged a number of individuals pursuant to 50 U.S.C. § 797 and 18 U.S.C. § 1382. Specifically, in these cases, the United States is charging individuals with illegally entering the "Roosevelt Reservation" which is now designated a "National Defense Area." *See, e.g. United States v. Rosa Gomez-Gomez*, Case No. 25-mj-1002 (D.N.M. May 1, 2025). As with all criminal offenses, the government must establish that a defendant possesses the requisite *mens rea*. The scarcity of caselaw relating to these offenses, particularly given the unprecedented nature of prosecuting such offenses in this factual context, leaves the Court unclear about the *mens rea* standard as applied in these cases.

The Title 50 statute prohibits the "willful[] violat[ion of] any defense property security regulation…." 50 U.S.C. § 797. Title 18 U.S.C. § 1382 does not expressly require willfulness, but the law may require knowledge that the individual was in fact entering military property and/or that the individual had knowledge or notice that such entry was

prohibited. *See, e.g., United States v. Floyd*, 477 F.2d 217 (10th Cir. 1973).

WHEREFORE IT IS ORDERED that the United States shall submit briefing asserting, and supporting with legal authority, its position as to the appropriate *mens rea* standard for both statutes. As importantly, the briefing must explain its position regarding the application of the facts in the types of cases referenced above to that standard. In other words, for each statute separately, the United States should explain what knowledge and intent it contends it must show to satisfy the applicable *mens rea* standard for persons entering the Roosevelt Reservation/National Defense Area.[1] Further, for each statute separately, the United States must propose the factual basis it contends would be sufficient to satisfy all the elements (including *mens rea*) in a guilty plea in such cases.

This briefing is due no later than 5:00 p.m. on May 5, 2025. Counsel for the Federal Public Defender's Office, District of New Mexico, may file a response no later than 3 days after the United States' briefing. Any counsel appointed pursuant to the Criminal Justice Act to a defendant currently charged with these crimes may also file a response no later than 3 days after the United States' briefing.

_____
GREGORY B. WORMUTH
Chief United States Magistrate Judge

---

[1] Some illustrative questions would include: (i) does a defendant need to know that the property he/she entered is military property?; (ii) does the defendant need to know that the military property was restricted to entry?; (iii) does the defendant need to specifically intend to violate the security regulation under Title 50 U.S.C. § 797?